```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
```

|                          |                        |
|--------------------------|------------------------|
| JAMES BOUTTRY,           :                        |
|                          :                        |
|        Petitioner,       :  Civ. No. 15-4421 (NLH) |
|                          :                        |
|     v.                   :  OPINION               |
|                          :                        |
| J. HOLLINGSWORTH,        :                        |
|                          :                        |
|        Respondent.       :                        |

APPEARANCES:
James Bouttry, #16609-021
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

On or about June 25, 2015, Petitioner James Bouttry, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging an institutional disciplinary decision. (ECF No. 1). On or about June 29, 2015, Petitioner paid the $5.00 filing fee. The Court will now conduct a preliminary review of the Petition as required by Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. For the reasons that follow, the Petition will be dismissed in part; and an Answer will be

ordered as to Petitioner's due process claims set forth in Grounds Two and Three.

## I.  BACKGROUND

Petitioner's complaints arise from an incident that occurred on July 22, 2014. (Pet. 3, 8, ECF No. 1).  Petitioner states that he was charged with a prohibited act: attempted stealing.  Following a disciplinary hearing, Petitioner was found to have committed the prohibited act and he was sanctioned in the form of "41 days loss of GCT ["good conduct time"], loss of phone pr[i]vileges for 6 months and 15 days of D/S ["disciplinary segregation"] suspended for 90 days." (Pet. 3, ECF No. 1).  Petitioner states that he appealed this decision to the Regional Office, but that the appeal was denied on October 9, 2014. Id.  Finally, Petitioner states that he again appealed to the Central Office, but that he never received a response.

In his Petition, he alleges several due process violations with respect to the disciplinary proceedings.  As his first ground for relief, Petitioner contends that he received the Incident Report "over 24 hours after the first officer witnessed the incident in violation of Program Statement PS5270.09." (Pet. 7, ECF No. 1).[1]

---

[1] Specifically, Petitioner states that the time of the incident was noted on the report as 3:40 p.m. on July 22, 2014 and that the report was delivered on July 23, 2014 at 4:30 p.m. (Pet. 8,

2

As his second ground for relief, Petitioner asserts that he was denied a fair and impartial hearing. Id.  Specifically, he contends that he was denied staff representation; that he was denied the opportunity to call witnesses; and that the Discipline Hearing Officer's ("DHO") report includes false statements which Petitioner contends were contradictory to comments Petitioner made during his hearing.

In Ground Three, Petitioner contends that the Regional Office violated his due process rights on appeal because it "fail[ed] to review the appeal and instead denied it by raising 'evidence' of a weapon which was never raised in the incident report." (Pet. 8, ECF No. 1).  Although the precise contours of Petitioner's Ground Three argument are unclear, it appears that Petitioner is alleging that the Regional Office confused certain reports. Id.  Petitioner explains that the incident report accused him of attempted stealing; but that on appeal the Regional Office referenced a weapon.  Petitioner further asserts that "prior to the Region response [he was not] made aware of a weapon." Id.  Petitioner also contends that the Regional Office disregarded his statements and affirmed the disciplinary decision "with no apparent investigation [into] the DHO Report." Id.

---

ECF No. 1).  Thus, according to the Petition, he received the report 24 hours and 50 minutes after the incident occurred.

As his fourth and final ground for relief, Petitioner alleges that the staff at Lee Camp engaged in retaliatory behavior toward him. (Pet. 9, ECF No. 1).  He explains that he was scored poorly in order to increase his classification points and effect a transfer to the Special Housing Unit ("SHU"). Petitioner states his placement in SHU occurred days after receiving the Incident Report but before the DHO hearing. Petitioner further asserts that the DHO recommended that Petitioner's SHU time be suspended for 90 days, thus, he concludes that there was no logical reason for his placement in SHU other than retaliation. Id.

Petitioner explains that his third and fourth claims — his challenge to the Regional Office's review and his claim of retaliation — were not previously appealed because they could not have been raised prior to the filing of this Petition. (Pet. 9, ECF No. 1).

As for relief, Petitioner asks that the Court expunge the Incident Report in question due to the Bureau of Prison's failure to follow its own policies. (Pet. 9, ECF No. 1).  He also wishes to be re-scored properly and transferred to a Minimum Security Facility, other than Camp Lee. Id.

## II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

4

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

A habeas corpus petition is also the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as

5

deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

A. DUE PROCESS CHALLENGES TO DISCIPLINARY PROCEEDINGS

Here, Petitioner's first three grounds for relief challenge disciplinary proceedings which resulted in the loss of good conduct time.  Accordingly, he may challenge this decision in a petition pursuant to § 2241. See Muhammad v. Close, 540 U.S. 749; Edwards v. Balisok, 520 U.S. 641; Wilkinson v. Dotson, 544 U.S. 74; see also Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013) (holding that a prisoner has a liberty interest in good time credits).  Moreover, the Supreme Court has held that a prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 2963 41 L.Ed.2d 935 (1974).

Thus, to the extent Petitioner challenges the due process he was afforded during the initial disciplinary hearing (Ground Two), and during the Regional Office's review (Ground Three), Petitioner has properly raised these challenges in this Petition and he has alleged sufficient facts to support each ground. See

6

Rule 2 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

However, Petitioner's first ground for relief, in which he alleges that he received a copy of the Incident Report 24 hours and 50 minutes after the incident occurred, must be dismissed because Petitioner is not entitled to relief based on the facts asserted.

In support of this claim, Petitioner refers to the Bureau of Prisons Program Statement which states, in relevant part, "[y]ou will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident." See FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT 5270.09, INMATE DISCIPLINE PROGRAM, § 541.5(a) (2011). As an initial matter, the insertion of the word "ordinarily" puts Petitioner on notice that he may not receive the Incident Report within 24 hours; therefore, the BOP did not "fail[] to follow [its] own policies" as Petitioner alleges. (Pet. 9, ECF No. 1); see Spotts v. Holt, No. 11-1880, 2015 WL 4219751, at *4 (M.D. Pa. July 10, 2015) (noting that prison regulation 28 C.F.R. § 541.5(a) does not contain an absolute requirement that the incident report be issued within 24 hours).

More to the point, however, because he is challenging a disciplinary proceeding, Petitioner may only be entitled to

7

habeas relief to the extent he asserts a due process violation. See Wolff, 418 U.S. 539.  With respect to notice, the holding in Wolff dictates that an inmate must receive written notice of the charges against him at least 24 hours prior to a hearing. Wolff, 418 U.S. at 564; see also Lang v. Sauers, 529 F. App'x 121, 122-23 (3d Cir. 2013).

In this case, Petitioner states that he received the Incident Report on July 23, 2014[2] and that the disciplinary hearing occurred on July 31, 2014 — eight days later.  Because Petitioner received more than 24 hours' notice prior to the hearing, he was not denied due process by the timing of service of the Incident Report. See Wolff, 418 U.S. at 564; see also Spotts, No. 11-1880, 2015 WL 4219751, at *4.  Accordingly, Petitioner is not entitled to habeas relief based on Ground One of the Petition.

B. RETALIATION CLAIMS

As his fourth and final ground for relief, Petitioner alleges retaliation and asserts that he was improperly placed in SHU.  However, it is established in the Third Circuit that challenges to a transfer are not cognizable under § 2241. See

---

[2] Although Petitioner initially states on page 3 of the Petition that he "received an Incident Report on 7/22/14," he later clarifies on page 8 that the incident occurred on 7/22/14, but that he received the report on "7/23/14 at 4:30 pm." (ECF No. 1).

8

Parks v. Holder, 508 F. App'x 93, 94 (3d Cir. 2013) (finding that challenge to placement in the SHU did not give rise to a habeas claim); Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (holding that objection to placement in Special Management Unit ("SMU") did not lie in habeas); McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 129 (3d Cir. 2011) (same); see also Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002).

Because Petitioner's challenge to his placement in SHU does not affect the fact or duration of his incarceration, his claim does not lie at the "core of habeas." See, e.g., Parks, 508 F. App'x at 94; Cardona, 681 F.3d at 535; McCarthy, 417 F. App'x at 129; see also Leamer, 288 F.3d at 542. Even if the Court were to grant Petitioner's requested relief — that he be re-scored properly and transferred to a Minimum Security Facility — such an Order would not affect the overall length of Petitioner's incarceration. Therefore, habeas relief is unavailable to Petitioner as to this claim. See Gonzalez v. Lewars, No. 09-2685, 2009 WL 1873512, at *2 (D.N.J. June 29, 2009) (citing Bronson v. Demming, 56 F. App'x 551, 553-54 (3d Cir. 2002) (holding that habeas relief is unavailable to an inmate seeking release from disciplinary segregation to general prison population, and instructing that a habeas challenge requesting such relief should be dismissed for lack of jurisdiction).

Accordingly, Petitioner's final ground for habeas relief is not cognizable under § 2241 and this Court lacks jurisdiction to consider same.

To the extent Petitioner means to assert causes of action against specific prison officials for retaliation, the Court notes that these claims may be more appropriately brought in an action under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). <u>See</u> <u>Murray v. Bledsoe</u>, 386 F. App'x 139 (3d Cir. 2010); <u>see also,</u> <u>Leamer</u>, 288 F.3d 532.  The Court makes no findings as to the potential merits of such a claim, or as to whether Petitioner has properly exhausted his administrative remedies.

### IV.   CONCLUSION

For the reasons set forth above, the claims set forth in Grounds One and Four of the Petition will be dismissed; however, Respondent will be required to file an Answer with respect to Grounds Two and Three. <u>See</u> <u>Denny</u>, 708 F.3d at 148 n. 3; 28 U.S.C. § 2243 (federal district courts have a duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief); Rule 4 of the Rules Governing Section 2254 Cases, made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules; <u>see also</u> Habeas Rule 4 advisory committee's note ("Rule 4 authorizes the judge to 'take such other action as the judge deems appropriate.'" . . .

10

. "[T]he judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.").

An appropriate Order will be entered.

                                      ___s/ Noel L. Hillman_____
                                      NOEL L. HILLMAN
                                      United States District Judge

Dated: July 29, 2015
Camden, New Jersey