UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMES BOUTTRY,                      :
                                    :
        Petitioner,                 :   Civ. No. 15-4421 (NLH)
                                    :
    v.                              :   OPINION
                                    :
J. HOLLINGSWORTH,                   :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
James Bouttry, #16609-021
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

Caroline A. Sadlowski, Esq.
United States Attorney's Office
970 Broad Street
Suite 700
Newark, NJ 07102
    Counsel for Respondent


HILLMAN, District Judge

    On or about June 25, 2015, Petitioner James Bouttry, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging an institutional disciplinary decision.  (ECF No. 1).  Respondents submitted an Answer on September 11, 2015 (ECF No. 5), and Petitioner submitted his Traverse on or about October 15, 2015 (ECF No. 6).

The matter is now fully briefed and the Court has considered all submissions by the parties.  For the reasons that follow, the Petition will be DENIED.

## I.   BACKGROUND

Petitioner's complaints arise from an incident that occurred on July 22, 2014. (Pet. 3, 8, ECF No. 1). Specifically, a correctional officer at FCI Fort Dix reported observing Petitioner rocking a snack vending machine in the visiting room with both hands in an apparent attempt to have snack items fall into the dispensing area at the bottom. Petitioner was charged with the prohibited act of attempted stealing.  At the disciplinary hearing, Petitioner signed a document waiving his right to staff representation and to call witnesses.  At the conclusion of the hearing, Petitioner was found to have committed the prohibited act and he was sanctioned in the form of 27 days of good conduct time.[1] (Disciplinary Hearing Officer Report, Resp't's Ex. 9, ECF No. 5-10).  In reaching his decision, the Discipline Hearing Officer ("DHO") considered the statement from the reporting employee,

---

[1] Petitioner alleges that he received sanctions in the form of "41 days loss of GCT ["good conduct time"], loss of phone pr[i]vileges for 6 months and 15 days of D/S ["disciplinary segregation"] suspended for 90 days." (Pet. 3, ECF No. 1). Because the Court denies the relief sought in the Petition, the precise form of the sanction is irrelevant and, in any event, is immaterial to the Court's analysis.

Petitioner's statement at the Unit Discipline Committee ("UDC") hearing, and Petitioner's statement during the DHO hearing. (DHO Report, Resp't's Ex. 9, ECF No. 5-10).

Petitioner appealed this decision to the Regional Office, and the appeal was denied on October 9, 2014. (Regional Admin. Remedy App. and Resp. 4, Resp't's Ex. 2, ECF No. 5-3). The Response from the Regional Director included information — discovery of a weapon — which was not relevant or related to the incident for which Petitioner was charged. (Id.). Petitioner appealed again to the Central Office; however he did not receive a response prior to the filing of the instant Petition. Ultimately, the Central Office submitted a Response which acknowledged the erroneous information included in the previous response, and indicated that an amended response was forthcoming. (Central Office Admin. Remedy App. and Resp. 2, Resp't's Ex. 3, Aug. 12, 2015, ECF No. 5-4). The Amended Response to Petitioner's appeal, dated August 18, 2015, included the proper information and again denied Petitioner's appeal. (Am. Resp. 4, Resp't's Ex. 4, ECF No. 5-5).

In his Petition, he alleges several due process violations with respect to the disciplinary proceedings. As the result of sua sponte screening, this Court dismissed Petitioner's Grounds One and Four. See (ECF No. 4). Respondents were directed to file an Answer as to Petitioner's Grounds Two and Three.

3

In Ground Two, Petitioner asserts that he was denied a fair and impartial hearing. Id.  Specifically, he contends that he was denied staff representation; that he was denied the opportunity to call witnesses; and that the DHO's report included false statements which Petitioner contends were contradictory to comments Petitioner made during his hearing. Respondents explain that Petitioner expressly waived his right to staff representation and to call witnesses, and they submit documentation in support of their contention that Petitioner made the comments that were attributed to him by the DHO.

In Ground Three, Petitioner contends that the Regional Office violated his due process rights on appeal because it "fail[ed] to review the appeal and instead denied it by raising 'evidence' of a weapon which was never raised in the incident report." (Pet. 8, ECF No. 1).  Petitioner also contends that the Regional Office disregarded his statements and affirmed the disciplinary decision "with no apparent investigation [into] the DHO Report." Id.  Petitioner explains that his third claim — his challenge to the Regional Office's review — was not previously appealed because it could not have been raised prior to the filing of this Petition. (Pet. 9, ECF No. 1).

Respondents assert that this claim should be denied because — even if the BOP's Mid-Atlantic Regional Director failed to

4

adequately consider Petitioner's administrative appeals — said failure would not rise to the level of a due process violation.

As for relief, Petitioner asks that the Court expunge the Incident Report in question due to the Bureau of Prison's failure to follow its own policies. (Pet. 9, ECF No. 1).

## II.   STANDARD OF REVIEW

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n. 2 (3d Cir. 2008).

### III. JURISDICTION

This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner was incarcerated in New Jersey when he filed the Petition, and he challenges the loss of good time credits and one-year sentence reduction. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

### IV.  DISCUSSION

A prisoner has a liberty interest in good time credits. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). A prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557, 94 S. Ct. 2963, 2963 41 L.Ed.2d 935 (1974).

In evaluating prisoners' due process rights, courts must be sensitive to the "intricate balancing of prison management concerns with prisoners' liberty." Denny, 708 F.3d at 144 (quoting Sandin v. Conner, 515 U.S. 472, 478, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995)). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in

6

the record." Superintendent v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L.Ed.2d 356 (1985) (internal quotation marks and citation omitted).  The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989).  The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56, 105 S. Ct. at 2774.

   Based on the record before the Court, it is evident that the procedures enunciated in Wolff, supra, were complied with, and that there was sufficient evidence to support the finding that Petitioner committed the infraction in accordance with Hill, supra.  Accordingly, the Petition will be denied.

   A. Procedural Due Process

   Based on the procedural safeguards set forth in Wolff, Petitioner asserts that his rights to procedural due process were violated in the following ways: (1) he was denied a fair and impartial hearing; and (2) the Mid-Atlantic Region failed to review his appeal in a fair and just manner. (Pet. 8, ECF No. 1-1).

1. <u>Fair and Impartial Hearing</u>

In support of his assertion that he was denied a fair and impartial hearing, Petitioner alleges: (1) that he was "denied staff representation and unk[n]owingly signed waiving [his] rights to said representation"; (2) that he was "denied witnesses and was told that their silence, if called, would indicate [he] was guilty"; and (3) that the "DHO attributed statements to [him] in [the] Hearing Report that [he] did not make and that were contradictory to comments [he] made to the Committee." (Pet. 8, ECF No. 1-1).

    a. <u>Staff Representation</u>

In response to Petitioner's assertion that he "unk[n]owingly" waived his right to staff representation, Respondents attach to their Answer a copy of the Notice of Disciplinary Hearing before the DHO. (Resp't's Ex. 7, Notice, ECF No. 5-8).  A handwritten notation on that document reveals that Petitioner waived his right to staff representation and to call witnesses.  Petitioner does not deny that he signed this document.  Further, Respondents attach the Declaration of Dale Rupert, who was the Discipline Hearing Officer ("DHO") for Petitioner's case.  DHO Rupert specifically remembers Petitioner signing the form and waiving his right to a staff representative and to witnesses. (Decl. of Dale Rupert 2, ECF No. 5-11).

Petitioner does not dispute this allegation. In his Traverse he simply comments, "Respondent claims that Petitioner voluntarily waived his request for a staff representative and for witnesses. This after Petitioner specifically requested a staff representative by name and three witnesses by name as well." (Traverse 3, ECF No. 6). Although these statements imply that he disagrees with Respondent's version of the facts, Petitioner does not allege — either in his Traverse or in his initial Petition — that his waiver of a staff representative and of his right to call witnesses was coerced or otherwise involuntary. In sum, Petitioner provides no support in his Petition for his assertion that his waiver of staff representation was unknowing.

A careful review of the administrative remedies submitted by Petitioner provides insight into his argument that his waiver of staff representation was "unknowing." See e.g., (Regional Administrative Remedy, Resp't's Ex. 2, ECF No. 5-3). Specifically, in his administrative remedy request form Petitioner states that during his July 25, 2014 meeting with the DHO, he was told his requested representative, Mrs. Miller, was not available until the following week. Petitioner was given the option to wait until she returned, or to proceed with the hearing. Petitioner asserts that he elected to wait until Mrs. Miller returned to work and he signed a document which he

9

believed confirmed only his waiver of his right to call witnesses. The following week Petitioner states that, rather than receiving another hearing with Mrs. Miller present, he received a copy of the DHO report which included sanctions. Petitioner maintains that he never waived his right to staff representation. (Id.).

As an initial matter, Petitioner's account of what occurred at the DHO hearing is contradicted by the record as evidenced in the DHO hearing report (DHO Report, Resp't's Ex. 9, ECF No. 5-10), the Notice of Disciplinary Hearing signed by Petitioner (Notice of Disciplinary Hrg., Resp't's Ex. 7, ECF No. 5-8), and the DHO's personal account of what occurred during the hearing (Decl. of Dale Rupert, ECF No. 5-11). Nevertheless, even assuming that Petitioner's version of the facts is accurate, the denial of staff representation at the hearing does not amount to a violation of due process under Wolff.

The Third Circuit has held that "[i]nmates do not have a constitutional right to appointed counsel in prison disciplinary hearings." Macia v. Williamson, 219 F. App'x 229, 233 (3d Cir. 2007) (citing Wolff, 418 U.S. at 570). "Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an

10

adequate comprehension of the case.'" Bermudez v. Holt, No. 1:09-CV-0741, 2010 WL 55713, at *5 (M.D. Pa. Jan. 4, 2010) (citing Wolff, 418 U.S. at 570).  Here, the record demonstrates that Petitioner is not illiterate, and the issues involved in his case — alleged shaking of a vending machine — were not so complex as to warrant representation.  Accordingly, even accepting as true Petitioner's assertion that he was denied staff representation, such a claim would not rise to the level of a constitutional violation under Wolff, and habeas relief is not warranted.

      b. Witnesses

In response to Petitioner's assertion that he was denied witnesses at his DHO hearing, Respondent again relies on the handwritten notation on the Notice of Disciplinary Hearing by which Petitioner waived his right to call witnesses.  Additionally, Respondent contends that arranging witnesses to appear at the DHO hearing via speaker phone is a routine process and would have been logistically simple. (Resp't 15, ECF No. 5). The Declaration of DHO Rupert supports this assertion. (Decl. of Dale Rupert 2, ECF No. 5-11).  Thus, Respondent asserts that there existed no motive to prevent Petitioner from calling witnesses at the hearing.

Petitioner does not deny that he signed the Notice form and waived his right to call witnesses.  Further, the Court notes

that in his administrative remedy request form Petitioner confirmed that he voluntarily opted not to call witnesses after he was informed that his requested staff representative, Mrs. Miller, had "talked to the witnesses and they all stated they want no part of it." (Regional Admin. App. and Resp. 3, Resp't's Ex. 2, ECF No. 5-3).  Because Petitioner voluntarily waived his right to call witnesses, he was not denied due process and habeas relief on this claim is not warranted.

To the extent Petitioner asserts that he was improperly coerced into waiving his right to call witness because he was told that the witnesses' "silence, if called, would indicate [he] was guilty" (Pet. 8, ECF No. 1), this claim is without merit.  As set forth above, Petitioner's administrative remedy form indicates that he voluntarily waived his right to call witnesses after he was informed that his witnesses "want[ed] no part [of Petitioner's hearing]." (Regional Admin. App. and Resp. 3, Resp't's Ex. 2, ECF No. 5-3).  Further, under current Bureau of Prisons ("BOP") regulations, a "DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." 28 C.F.R. § 541.8.  Therefore, it would not have been inappropriate for the DHO to weigh witnesses' silence against a staff member's affirmative testimony in reaching a determination as to Petitioner's guilt.  See also Hill, 472 U.S. at 455-56 (holding that the relevant

inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board").

### c. Statements Attributed to Petitioner

Petitioner's further alleges that his due process rights were violated because the "DHO attributed statements to [him] in [the] Hearing Report that [he] did not make and that were contradictory to comments [he] made to the Committee." (Pet. 8, ECF No. 1-1).  As an initial matter, Petitioner's assertion that he did not make the statement that he "just wanted to try the M&M chocolate bar" is contradicted by the DHO report and by DHO Rupert's personal recollection of the DHO hearing. See (DHO Report, Resp't's Ex. 9, ECF No. 5-10); (Decl. of Dale Rupert 2, ECF No. 5-11).

Regardless, as explained above, there is no due process violation so long as there is "some evidence" of guilt in the record. Hill, 472 U.S. at 455-56.  In this case, in addition to the alleged statements made by Petitioner, the DHO had before it the statement from the staff member who reported the incident. Therefore, even accepting as true Petitioner's allegation that he did not make the statements which were attributed to him at the DHO hearing, the DHO's determination was still supported by "some evidence" — i.e. the reporting employee's eyewitness account of the incident — and no due process violation occurred.

13

See Campbell v. Holt, 432 F. App'x 49, 51 (3d Cir. 2011) (holding that the requirements of due process were satisfied because the DHO decision was supported by "some evidence"). Accordingly, Petitioner is not entitled to habeas relief on this claim.

> 2. The Mid-Atlantic Region failed to review his appeal in a fair and just manner.

In his third ground for relief, Petitioner asserts that the Mid-Atlantic Region denied his right to due process by failing to review his appeal in a fair and just manner. (Pet. 8, ECF No. 1). However, neither Wolff nor Hill holds that due process requires that a prisoner be permitted to administratively appeal the DHO's decision. See, e.g., Spotts v. Holt, 3:11-CV-1880, 2012 WL 2389670, at *3 (M.D. Pa. Feb. 2, 2012), report and recommendation adopted, No. 3:11-CV-1880, 2012 WL 2389858 (M.D. Pa. June 22, 2012) (holding that neither Wolff nor Hill holds that due process requires that a prisoner be permitted to administratively appeal a Unit Discipline Committee's ("UDC") decision to refer an incident to the DHO). Rather, administrative appeals and exhaustion are required — not to satisfy due process — but "because: '(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and

14

(3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.'" Coleman v. U.S. Parole Comm'n, No. 15-3672, 2016 WL 1056084, at *2 (3d Cir. Mar. 17, 2016) (quoting Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

Further, Petitioner has not demonstrated that he was prejudiced by the ultimate resolution of his appeal. Griffin v. Ebbert, No. 14-4123, 2016 WL 54114, at *2 (3d Cir. Jan. 5, 2016) (citing Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003)) ("In the absence of a showing of prejudice, we cannot say that Griffin was denied the process he was due."). Indeed, Petitioner correctly observes that the Response to his Regional Administrative Remedy Appeal (Resp't's Ex. 2, ECF No. 5-3) improperly referenced a weapon found in the search of his living area — a reference which clearly has no relation to the incident for which Petitioner was charged: attempted stealing from a vending machine. Thus, it appears the reference to a weapon was an error.

Nevertheless, the Central Office subsequently acknowledged the inclusion of this erroneous information in its initial Response, see (Central Office Admin. Remedy App. and Resp. 4, Resp't's Ex. 3, ECF No. 5-4), and Petitioner ultimately received an Amended Response, see (Regional Admin. Remedy App. and Resp. 2, Resp't's Ex. 4, ECF No. 5-5), which included the correct

15

information.  Therefore, because he was ultimately provided with an adequate response, Petitioner's allegation that the Mid-Atlantic Region "essentially fail[ed] to review the appeal" is without merit. (Pet. 8, ECF No. 1-1).

Additionally, although Petitioner asserts that he did not receive the Amended Response in a "timely" manner, (Traverse 2, ECF No. 6), Petitioner was not deprived of his ability to timely appeal either the DHO decision or the Regional Director's denial of his appeal; nor did the delay hinder or prevent the filing of the instant habeas petition.  Therefore, Petitioner has not shown that the delay in receiving the Amended Response from the Regional Director, which properly recited the circumstances of Petitioner's case, deprived him of due process in any way. See, e.g., Jennings v. Hollingsworth, No. 14-6881, 2016 WL 880501, at *6 (D.N.J. Mar. 8, 2016) (citing Cook v. Warden, Fort Dix Corr. Inst., 241 F. App'x 828, 829 (3d Cir. 2007)) (holding that a delay in receipt of petitioner's DHO report had no prejudicial effect on petitioner's administrative appeal and did not provide a basis for habeas relief).

Finally, the Court notes that in his Traverse, Petitioner asserts that the errors in the administrative remedy process "deprive[d] Petitioner of his right to a fair and timely resolution utilizing the administrative remedy program." (Traverse 2, ECF No. 6).  However, "[a] prison's failure to

follow its own procedures will not result in a due process violation as long as the inmate is provided with the process he is due under Wolff ...." Macia v. Williamson, 219 F. App'x 229, 233-34 (3d Cir. 2007) (cited in Jennings, 2016 WL 880501, at *8); see also Colon v. Williamson, 319 F. App'x 191, 193 n.3 (3d Cir. 2009). As set forth above, the Court finds that Petitioner's DHO hearing complied with the due process requirements of Wolff; therefore, there is no constitutional violation as a result of the BOP's failure to implement its administrative remedy process. Petitioner is not entitled to habeas relief on this ground.

## V. CONCLUSION

For the reasons set forth above, Petitioner's request for a writ of habeas corpus will be DENIED.

An appropriate Order will be entered.

                                          ___s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: August 24, 2016
Camden, New Jersey